FILED
November 24, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003099090

EDDIE R. JIMENEZ (CA SBN 231239)
HIEU T. PHAM (CA SBN 265146)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS BART 2006-1

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>IRMA ELOISA BARRAGAN,<br><br>Debtor(s). | Case No. 10-44857<br><br>Chapter 13<br><br>D.C. No. PD-1<br><br>DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS BART 2006-1,<br><br>Movant,<br><br>vs.<br><br>IRMA ELOISA BARRAGAN, Debtor(s); LAWRENCE J. LOHEIT, Chapter 13 Trustee,<br><br>Respondents. | LBR 4001-1 and 9014-1(f)(1)<br><br>DATE:     January 18, 2011<br>TIME:     1:00 p.m.<br>CTRM:    33<br><br>501 "I" Street<br>Sacramento, CA 95814 |

I, Teresa Diaz-Cochran, declare:

1)     I am employed as a Bankruptcy Analyst by Wells Fargo Home Mortgage. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding US Bank National Association, as Trustee for Bear Stearns BART 2006-1's ("Movant") interest in the

1 | real property that is the subject of this Motion.

2 |     2)    I am employed by Wells Fargo Home Mortgage, the authorized loan servicing agent
3 | for Movant and I am duly authorized to make this declaration on behalf of Movant.

4 |     3)    I am familiar with the manner and procedures by which Wells Fargo Home
5 | Mortgage's business records are obtained, prepared, and maintained. Those records are obtained,
6 | prepared, and maintained by Wells Fargo Home Mortgage's employees or agents in the performance
7 | of their regular business duties at or near the time, and conditions, and/or events recorded thereon.
8 | The records are made either by persons with knowledge of the matters they record or from
9 | information obtained by persons with such knowledge. I have knowledge and/or access to Wells
10 | Fargo Home Mortgage's business records regarding the Note and Deed of Trust that are the subject
11 | of this action and have personally reviewed these business records prior to executing this
12 | declaration.

13 |     4)    On or about May 18, 2005, Irma Eloisa Barragan ("Debtor"), for valuable considera-
14 | tion, made, executed and delivered to River City Group, LLC ("Lender") a Note in the principal sum
15 | of $247,256.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal
16 | and interest payments commencing July 1, 2005, and continuing until June 1, 2035, when all
17 | outstanding amounts are due and payable. A copy of the Note is attached to the concurrently served
18 | and filed Exhibits to the Declaration in Support of Motion for Relief From Automatic Stay
19 | ("Exhibits") as exhibit A and incorporated herein by reference.

20 |     5)    Movant qualifies as the Note Holder and is entitled to payments under the Note.

21 |     6)    On or about May 18, 2005, Debtor made, executed and delivered to Lender a Deed of
22 | Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at
23 | 5679 Twisted River Drive, Marysville, California 95901 ("Real Property"), which is more fully
24 | described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as
25 | a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note.
26 | The Deed of Trust was recorded on May 20, 2005, in the Official Records of Yuba County, State of
27 | California. A copy of the Deed of Trust is attached to the Exhibits as exhibit B and incorporated
28 | herein by reference.

- 2 -

7) Subsequently, Lender's beneficial interest in the Deed of Trust was assigned and transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Movant is attached to the Exhibits as exhibit C and incorporated herein by reference.

8) As the loan servicer, Wells Fargo Home Mortgage acts as an agent for Movant and is responsible for the administration of the loan until the loan is paid in full, assigned to another creditor, or the servicing rights are transferred. Administering the loan includes sending monthly payment statements, collecting monthly payments, maintaining records of payments and balances, collecting and paying taxes and insurance (and managing escrow and impound funds), remitting monies tendered under the Note to Movant, following up on loan delinquencies, home loan workouts and home retention programs, and other general customer service functions. Further, in the event of a default under the terms of the Note or Deed of Trust, Wells Fargo Home Mortgage is authorized by Movant under the terms of the loan servicing agreement to enforce the terms of the Deed of Trust.

9) Movant has not received the post-petition payments owing for October 1, 2010. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $1,532.67, consisting of one (1) payment of $1,532.67, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. A copy of the post-petition payment accounting pursuant to Local Rule 4001(d)(1) is attached to the Exhibits as exhibit D and incorporated herein by reference.

10) Pursuant to L.B.R. 4001(d)(2), on October 14, 2010, Movant caused a letter to be sent to Debtor's counsel and the Chapter 13 Trustee advising of the default, and providing an opportunity to cure the default. A copy of the default letter is attached to the Exhibits as exhibit E and incorporated herein by reference.

11) I am informed and believe that, based on the Debtor's bankruptcy Schedules, the fair market value of the Real Property is no more than $160,000.00 Copies of Debtor's bankruptcy Schedules A and D are collectively attached to the Exhibits as exhibit F and incorporated herein by reference.

1  12)    Based on the above, under the best case scenario, Movant is informed and believes
2  that the equity in the Real Property is as follows:

|  |  |
|---|---|
| Fair Market Value: | $160,000.00 |
| Less: |  |
|   Movant's Trust Deed | $270,102.19 |
|   Wells Fargo Bank Nv Na's Revolving Account | $46,360.00 |
|   Yuba County Tax Collector's Property Taxes | $3,057.00 |
|   Costs of Sale (8%) | $12,800.00 |
| Equity in the Property: | $<172,319.19> |

7  13)    Pursuant to and upon confirmation of the Debtor's Chapter 13 Plan, the Debtor
8  intends to surrender the Real Property in full satisfaction of Movant's secured claim. A true and
9  correct copy of Debtor's Chapter 13 Plan is attached to the Exhibits as exhibit G and incorporated
10 herein by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __18__ day of __11__, 2010, at Fort Mill, South Carolina.

Teresa Diaz-Cochran
Bankruptcy Analyst

- 4 -

000014-1220172082-M                                                                     10-44857